IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY LEE HARDEMON, ID # 528739,    )<br>          Petitioner,                                        )<br>vs.                                                               )<br>                                                                   )<br>NATHANIEL QUARTERMAN, Director,     )<br>Texas Department of Criminal Justice,       )<br>Correctional Institutions Division,                )<br>          Respondent.                                      ) | No. 3:06-CV-1630-N (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

A. Nature of the Case

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a parole revocation proceeding that occurred in Hunt County, Texas on June 6, 2005. (Pet. Writ of Habeas Corpus (Pet.) at 2, 4.) Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

B. Statement of the Case

On August 24, 1989, petitioner was convicted in Hunt County, Texas, and sentenced to twenty five years imprisonment for two counts of delivery of cocaine. (Pet. at 2.) In June 2005, his parole was revoked in Hunt County, Texas. (*Id.* ¶ 13.) He has filed no petition, application, or motion in state court challenging that parole revocation proceeding, although he did file a federal

civil action pursuant to 42 U.S.C. § 1983 – Cause No. 3:06-CV-0478-B. (*Id.* ¶¶ 11, 14.) On August 28, 2006, this Court construed that prior federal action in part as a challenge to the revocation of his parole arising under 28 U.S.C. § 2254, and dismissed it without prejudice because petitioner had not exhausted his state remedies.

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254 when challenging a conviction, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present claims that challenge his conviction to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

In this case, petitioner has presented no claim to the Texas Court of Criminal Appeals.[1] A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted claims must

---

[1] The Court notes that in his prior federal action, petitioner indicated that he had filed a motion to reopen hearing with the appeal tribunal of the Texas Board of Pardons and Paroles. Such motion does not suffice to exhaust state remedies.

be dismissed in its entirety.  *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

Because petitioner has presented no claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition.  A ruling from the federal court at this juncture would preempt the state court from performing its proper function.  *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").  Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 30th day of October, 2006.**

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE